Lawrence *v.* Yeatman *et al.*

———

DANIEL LAWRENCE, plaintiff in error, *v.* PRESTON YEATMAN and GERMANICUS KENT, defendants in error.

*Error to St. Clair.*

An attachment bond which does not describe the Court from which the process is to be issued, or to which it is to be returned, or the term of the Court, is fatally defective, and a judgment rendered by default in such a case, will be reversed on writ of error.

An attachment bond described the writ of attachment as " sued out, returnable on the third Monday of August next," without any other description of the Court or term : *Held* that the description was uncertain and insufficient.

Where the proceedings are *ex parte* and *in rem,* there must be a strict conformity with the statute.

THIS was an action of *debt* commenced by attachment by Yeatman & Kent against Lawrence, to recover a debt of $ 339 75-100, and $ 375 in damages. The affidavit and bond were made by A. Cowles, as the agent of the plaintiffs. The condition of the bond was as follows.

" The condition of this obligation is such that whereas the

above bounden Preston Yeatman and Germanicus Kent, partners in company, have, on the day of the date hereof, prayed an attachment, at the suit of Preston Yeatman and Germanicus Kent, partners in company, against the estate of the said Daniel Lawrence, for the sum of five hundred and seventy-three dollars and thirty-fi· e cents, and the same being about to be sued *out returnable on the third Monday of August next.* Now, if the said Preston Yeatman and Germanicus Kent, partners in company, shall prosecute their suit with effect, or in case of failure therein, shall well and truly pay and satisfy the said Daniel Lawrence all such costs in said suit, and such damages as shall be awarded against the said Daniel Lawrence, his heirs, executors, or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out said attachment, then the above obligation to be void, otherwise to remain in full force and virtue."

No service was effected upon Lawrence, but the requisite notice by publication having been given, judgment was rendered against him by default, at the August term of the St. Clair Circuit Court, 1838, for $ 320 debt, and $ 253 damages. The suit was instituted against Lawrence as the assignor of a writing obligatory made by one Hardy Robinson, dated September 3d, 1824, for $ 320, payable to said Lawrence, by December 25th, 1825. Lawrence, before said instrument became due, assigned the same, for value received, to Yeatman & Kent, who brought suit thereon against said Robinson to the October term, 1826, of the Circuit Court of Madison county, Alabama ; and upon an issue joined in said Court upon a plea of fraud and failure of consideration, said issue was found for the defendant, and judgment entered against said Yeatman and Kent for costs of suit, amounting to $ 17.25 ; to recover which, together with the amount due on the said writing obligatory, this action was commenced.

The points taken and authorities referred to on the part of the plaintiff in error are, ——

1st. Insufficiency of the affidavit upon which the attachment issued, in not stating of whom the person making it was the agent ; also in not disclosing either in the body of the affidavit or the *jurat* annexed thereto, the official character of the person before whom it was made. Mears *v.* Morrison, Breese, 172. Advantage may be taken by writ of error of a defective affidavit. Phelps *v.* Young, Breese, 255 ; 6 Gill and Johns. 345.

2d. The attachment bond is defective, the person entering into it on the part of the plaintiffs below, not having legal authority so to do. And if the agent was lawfully authorized, the bond is still defective in not stating to what term of the Court, if any, the attachment was returnable. R. L. 85, § 7 ; Gale's Stat. 65.

3d. The action is misconceived, and the declaration defective.

Debt does not lie by the assignee against the assignor of a promissory note or other instrument in writing. 1 Chit. Plead. 97, 106, and authorities there cited.

When the objection to the form of the action is substantial and appears upon the face of the declaration, it may be taken advantage of by writ of error. 1 Chit. Plead. 196.

4th. That the judgment is irresponsive to the writ and declaration. Hughes *v.* Union Insurance Co., 5 Peters' Cond. R. 443; 8 Wheat. 294.

5th. That the damages are excessive, and exceed the legal interest upon the debt.

L. TRUMBULL, for the plaintiff in error.

A. COWLES, J. M. KRUM, and J. Y. SCAMMON, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

This was a proceeding under the attachment laws against the plaintiff in error as a non-resident debtor.

Several objections have been urged against the regularity of the proceedings in the Circuit Court. Without noticing any other than that relating to the insufficiency of the attachment bond, it will be apparent that the objection urged against the bond must prevail. The recital in the condition of the bond is essentially defective in that portion of it which attempts to describe the attachment, and the return of it. It describes no Court from which it has been issued, nor to which it is to be returned, nor the term to which it is made returnable. It is consequently so wholly uncertain that it may be well doubted whether an action could ever be maintained on it, in case of a breach of its condition. The proceedings, however, being *ex parte* and *in rem*, and the judgment being by default because of no appearance by the defendants, the rule which requires a strict conformity to the statute modes of proceeding, must prevail. The judgment is reversed with costs.

*Judgment reversed.*